**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**THE CITY OF STARKVILLE, MISSISSIPPI**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 1:24-CV-15-SA-DAS**

**J & P CONSTRUCTION CO., INC.**, *et al.*                                    **DEFENDANTS**

## ORDER RESOLVING DISCOVERY DISPUTE

A discovery dispute arose between the City of Starkville and Evoqua Water Technologies, LLC. The court held a telephonic conference with counsel for Starkville and Evoqua on September 16, 2025, and took the matter under advisement.

In a stipulated order entered on July 31, 2025, [Dkt. 196], the court ordered Starkville to produce SCADA data or, if the data is not recoverable, to explain why. Counsel for Starkville represented that all available data has been produced. Counsel conceded that some data is missing and cannot explain why. Counsel further represented that its data vendor has examined the system and cannot explain the missing data. Counsel represented that he offered to allow Evoqua access to the system to examine whether any further data is retrievable. During the telephonic conference, defense counsel argued the data should have been preserved and intimated that it existed at the time the litigation began. Plaintiff's counsel responded that his firm conferred with its client at the outset of its representation regarding relevant information just as he said they do in every case, and nevertheless that data is not available. After considering the matter, the court accepts counsel's representation that all available information has been produced, and that Starkville simply cannot explain why some of the data is missing. How this issue may ultimately affect a decision maker is not for the court to decide here.

A second issue involves access to Evoqua's "central design database, which includes information, formulas, and pricing for all of its wastewater technologies and products—not just the single product (disc aerators) sold to Starkville." Counsel for Evoqua represented—and a deponent under oath testified—that all relevant portions of the database were produced to Starkville. When directly questioned by the court whether there was any other information contained in the database related to the project at issue in this case that had not been produced, counsel for Evoqua responded only irrelevant pricing information. The court accepts counsel's representation that all available, relevant portions of the database have been produced, and that there is no basis to compel the production of the full central design database.

**SO ORDERED**, this the 16th day of September, 2025.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**