# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**THE CITY OF STARKVILLE, MISSISSIPPI**                    **PLAINTIFF**

**V.**                                              **NO. 1:24-CV-15-DMB-DAS**

**EVOQUA WATER TECHNOLOGIES, LLC**                       **DEFENDANT**

## ORDER

Before the Court is the City of Starkville's motion to clarify or extend deadlines [265] and Evoqua Water Technologies' response in opposition. The original case management order [59] provided that all dispositive and *Daubert*-type motions were due November 15, 2024 and that the deadline for motions *in limine* was twenty-one days prior to the pretrial conference, with responses due fourteen days before the pretrial conference. Similarly, L. U. Civ. R. 7(b)(2)(E) provides that motions *in limine* (other than those challenging experts) shall be filed no later than 21 days before the pretrial conference, with responses due 14 days before the pretrial conference. L. U. Civ. R. 7(b)(4) provides that response briefs are due 14 days after movant's memorandum brief, with rebuttal briefs due seven days after the response.

The motions deadline was amended multiple times after the initial CMO, but the motions *in limine* provision was never amended. The parties filed their motions *in limine* and supporting briefs on June 2, twenty-one days prior to the pretrial conference, which is scheduled for June 23, 2026. Defendant filed its response on June 9, fourteen days prior to the pretrial conference. The City believed its responses were due on June 16, operating on L. U. Civ. R. 7(b)(4)'s deadline rather than 7(b)(2)(E) and the CMO's motion *in limine* provision. Regarding the confusion, the City points out that 7(b)(4) specifically addresses *briefs*, while 7(b)(2)(E) speaks only of motions

and also asserts calendaring issues due to one of its attorneys leaving the firm and another serving on a mission trip out of the country.

This court has previously held that the two provisions of the local rules are not in conflict—the specific provision regarding motions *in limine* control motions *in limine* and their responses. *See Barger v. State Farm Fire and Casualty Company*, 2024 WL 495948, at *1-2 (N. D. Miss. Feb. 8, 2024). However, this case is distinguishable from *Barger* because the Bargers "fail[ed] to request and extension by motion" which left "their untimeliness without explanation constituting good cause or excusable neglect." *Id.* at *1.

The Court finds the City's explanation satisfies the excusable-neglect standard. *See* Fed. R. Civ. P. 6(b). The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Razvi v. Dallas Fort Worth Int'l Airport*, 2022 WL 4298141 at *2 (5th Cir. Sept. 16, 2022) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). A calendaring error may, under certain circumstances, constitute excusable neglect. *Id.* at *5. The Court finds the danger of prejudice from the seven-day delay to be minimal and that it was not made in bad faith. *Id.* at *2. Therefore, the City's motion to clarify or extend deadlines [265] is hereby **GRANTED** and its motions *in limine* response deadline is extended to June 16, 2026.

Also before the Court is Defendant's related Motion to Strike Starkville's oppositions to Defendant's motions *in limine* as untimely [278]. As the Court extended the City's response-filing deadline to June 16, and the City's responses were filed on June 16, Defendant's Motion to Strike [278] is hereby **DENIED**.

**SO ORDERED**, this the 22nd day of June, 2026.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**